Matter of Natasha G. H. (Cristian G.)
2026 NY Slip Op 03799
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Natasha G. H. (Anonymous). Administration for Children's Services, respondent; Cristian G. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Nicole G. H. (Anonymous). Administration for Children's Services, respondent; Cristian G. (Anonymous), appellant. (Proceeding No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-11754, (Docket Nos. N-16691-23/24B, N-16692-23/24B)
Angela G. Iannacci, J.P.
Helen Voutsinas
Janice A. Taylor
James P. McCormack, JJ.

Steven P. Forbes, Huntington, NY, for appellant.
Steven Banks, Corporation Counsel, New York, NY (Melanie T. West and Jeremy W. Shweder of counsel), for respondent.
Marcin T. Nadgorski, Queens, NY, attorney for the children.

[*1]
DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated October 11, 2024. The order, after a hearing, found that the father willfully violated a temporary order of protection of the same court dated April 18, 2024, and committed him to the custody of the New York City Department of Correction for a period of 12 months.
ORDERED that the appeal from so much of the order as committed the father to the custody of the New York City Department of Correction for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
In these related proceedings pursuant to Family Court Act article 10, the Family Court issued a temporary order of protection dated April 18, 2024, inter alia, directing the father to stay away from the mother and the subject children, except for agency supervised parental access. The petitioner filed a petition alleging that the father violated the temporary order of protection based on incidents that occurred on September 6, 2024, and September 11, 2024, in which the father failed to stay away from the mother and the children. In an order dated October 11, 2024, the Family Court, after a hearing, found that the father willfully violated the temporary order of protection and committed him to the custody of the New York City Department of Correction for a period of 12 months. The father appeals.
The appeal from so much of the order as committed the father to the custody of the New York City Department of Correction for a period of 12 months must be dismissed as academic, as the period of incarceration has ended (see Matter of Angel P.H. [Angel P.Q.], 223 AD3d 808, 809; Matter of Omari J.T. [Oshane T.], 216 AD3d 1102, 1104). However, in light of the enduring consequences that could flow from the finding that the father violated the temporary order of protection, the appeal from so much of the order as determined that the father willfully violated the temporary order of protection is not academic (see Matter of Angel P.H. [Angel P.Q.], 223 AD3d at 809; Matter of Omari J.T. [Oshane T.], 216 AD3d at 1104).
Here, the evidence adduced at the hearing was sufficient to establish, beyond a reasonable doubt, that the father willfully violated the temporary order of protection on September 6, 2024, and September 11, 2024 (see Family Ct Act § 1072; Matter of Omari J.T. [Oshane T.], 216 AD3d at 1104).
The father's remaining contention, raised for the first time on appeal, is not properly before this Court.
IANNACCI, J.P., VOUTSINAS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court